# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CELTIC BANK CORPORATION, <br> a Utah chartered bank, <br><br> Plaintiff, <br><br> vs. <br><br> EXECUTIVE TITLE, INC., <br> f/k/a, Protect 1 Title, Inc., an Illinois <br> corporation, MARTHA E. TOVIAS, individually, <br> and FERNANDO R. CARRANZA & <br> ASSOCIATES, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.: 1:15-cv-00030 <br><br> Honorable Young B. Kim, <br> Judge Presiding. |

## CELTIC BANK'S MOTION FOR ENTRY OF JUDGMENT OF FORECLOSURE AND SALE

Celtic Bank, by and through its attorneys, O'Rourke and Moody, hereby move for entry of judgment against Defendants Executive Title and Martha Tovias. In support of this motion, Celtic Bank states as follows:

### Background

1. Celtic Bank initiated this proceeding by filing a three count complaint seeking judgments of foreclosure against Executive Title, Inc., as well a judgment for a breach of a commercial guaranty against Martha Tovias on January 5, 2015. (Dkt. No. 1, Compl.)

2. After Defendants failed to answer, plead, or otherwise defend the allegations contained in the complaint, Celtic Bank, on February 9, 2015 filed a motion for default judgment. (Dkt. No. 9, Mtn. for Default.)

3. Thereafter, the district court granted the defendants leave to answer the complaint and they eventually answered the complaint and filed a counterclaim against Celtic Bank

asserting breach of the loan document. (Dkt. No. 11, Minute Order, March 3, 2015; Dkt. No. 13, Def.s' Countercl.)

4. The parties consenting to having a magistrate judge preside over all further proceedings in this matter, and the case was assigned to this Court on April 9, 2015. (Dkt. No. 20, Transfer of Case.)

5. On July 16, 2015, Executive Title filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. *In re Executive Title, Inc.*, Case No. 15-24212.

6. Thereafter, the parties briefed whether Celtic Bank should be entitled to proceed on the commercial guaranty claim against Tovias while Executive Title's bankruptcy proceeding was ongoing. (Dkt. No. 27, Mtn. to Proceed; Dkt. No. 37, Tovias' Resp.; Dkt. No. 43, Pl.'s Reply.) This Court granted Celtic Bank's motion to proceed against Tovias. (Dkt. No. 46, Mem. Op., Oct. 13, 2015.)

7. On February 29, 2016, Plaintiff moved for summary judgment against Executive Title seeking a judgment of foreclosure and order of sale of commercial property located at 5814 West Cermak, Cicero, Illinois 60804, and against Martha Tovias for breach of a personal guaranty. (Dkt. Nos. 52-54, Pl.'s Summ. J. Papers.)

8. On May 27, 2016, this Court granted Plaintiff's motion for summary judgment on all counts of the complaint. (Dkt. No. 73, Mem. Op., May 27, 2016.)

9. On June 15, 2016, this Court entered a minute order regarding a briefing schedule on various issues. (Dkt. No. 75, Min. Entry, June 15, 2016.)[1]

---

[1] This briefing schedule was stayed pending the parties' attempt to resolve this dispute. After those attempts failed, Defendants filed a motion to reconsider this Court's summary judgment order in favor of Celtic Bank. That motion is fully briefed and presently pending before the Court.

10. In its Memorandum Opinion and Order of Plaintiff's motion for summary judgment, this Court found that Executive Title defaulted under the loan documents for their failure to comply with their payment obligations and timely payment of the 2013 and 2014 real estate taxes. (Dkt. No. 73, Mem. Op., May 27, 2016 at p. 19.) Similarly, based on these defaults, this Court found that Tovias breached her unconditional guarantee of the promissory note. (*Id*. at p. 1.)

11. Regarding damages, this Court found that it was undisputed that as of February 29, 2016, the amount due and owing under the promissory note was $553,663.97 with a per diem rate of $56.29. (*Id*. at 22.)

12. Since February 29, 2016, Celtic Bank has incurred additional legal fees, expenses, and non-accrued interest under the promissory note. (*See* Exhibit A attached hereto, Affidavit of Andrew Levine.) The amount due and owing under the promissory note as of October 31, 2016 is:

| | |
|---|---|
| Amount due as of February 29, 2016 | $553,633.97 |
| Interest accrued since February 29, 2016 at a $56.29 per diem | $15,085.72 |
| Attorneys' Fees incurred since February 29, 2016 | $18,468.75 |
| Legal Expenses incurred since February 29, 2016 | $647.16 |
| **NET AMOUNT DUE** | $587,835.60 |

13. Accordingly, Celtic Bank requests that this Court enter a Judgment of Foreclosure and Sale. Celtic Bank has attached hereto as Exhibit B a proposed order of judgment of foreclosure and sale.

Respectfully submitted,

CELTIC BANK CORPORATION
A UTAH CHARTERED BANK,

By: /s/ Andrew N. Levine
One of its attorneys

Andrew N. Levine
Brian J. Stefanich
O'Rourke & Moody
55 West Wacker Drive, Suite 1400
Chicago, Illinois 60601
alevine@orourkeandmoody.com
bstefanich@orourkeandmoody.com
firm@orourkeandmoody.com
(312) 849-2020
(312) 849-2021